# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LINDA JOYCE JOHNSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **2:13-cv-1345-AKK** |
| **CAROLYN W. COLVIN,** ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY** ) | |
| **ADMINISTRATION,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Linda Joyce Johnson brings this action pursuant to section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). Doc. 1. This court finds that the Administrative Law Judge's ("ALJ") decision—which has become the decision of the Commissioner—is supported by substantial evidence, and, therefore, will **AFFIRM** the decision denying benefits.

### I.  Procedural History

Johnson filed an application for supplemental security income on November

2, 2010, and an application for period of disability and disability insurance benefits on November 3, 2010, alleging a disability onset date of October 4, 2010, based on arthritis, hepatitis C, depression, alcoholism, a right knee PCL tear, bilateral carpal tunnel syndrome, and HBP. (R. 22, 125, 132, 153). After the SSA denied her application, Johnson requested a hearing. (R. 86, 104–14). The ALJ held a hearing on April 11, 2012. (R. 22, 36). Thereafter, the ALJ denied Johnson's claim, which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 1–3, 30). Johnson then filed this action pursuant to 42 U.S.C. § 1383(c)(3). Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must

review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or

psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV. The ALJ's Decision

In performing the five step analysis, the ALJ initially determined that Johnson had not engaged in substantial gainful activity since October 4, 2010, the alleged onset date, and, therefore, Johnson met Step One. (R. 24). Next, the ALJ found that Johnson satisfied Step Two because she suffered from the severe impairments of "degenerative disc disease of the cervical and lumbar spine, a history of bilateral carpal tunnel syndrome, a history of substance abuse, and obesity." *Id.* The ALJ then proceeded to the next step and found that Johnson failed to satisfy Step Three because she "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (R. 25). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she experiences moderate pain with its moderate effect on her ability to concentrate on an occasional basis in an 8-hour workday. She can frequently climb stairs or ramps, balance, stoop, crouch, reach, handle, finger, and feel, but can occasionally kneel or crawl, and can never climb ladders, ropes or scaffolds.

(R. 25). At the time of the ALJ's decision, Johnson was 54 years old with the equivalent of a high school education and past relevant work experience as a

licensed practical nurse. (R. 28–29, 125). Next, the ALJ determined that Johnson "is unable to perform any past relevant work." (R. 28). After considering Johnson's age, education, work experience, and RFC, the ALJ determined in Step Five that "there are jobs that exist in significant numbers in the national economy that [Johnson] can perform." (R. 29). Consequently, the ALJ found that Johnson "has not been under a disability, as defined in the [] Act, from October 4, 2010, through the date of [the ALJ's] decision." (R. 30).

## V. Analysis

The court turns now to Johnson's contentions that the ALJ failed to (1) properly follow the "slight abnormality" standard in determining Johnson's severe impairments; and (2) give proper weight to the opinion of Dr. Jeremy Allen. *See* doc. 12 at 4–14. The court addresses each contention in turn.

> A. <u>The ALJ properly followed the "slight abnormality" standard when he failed to find Johnson's degenerative disc disease of the thoracic spine to be a severe impairment.</u>

Johnson contends that the ALJ erred when he "failed to follow the 'slight abnormality' standard in not finding [] Johnson's degenerative disc disease of the thoracic spine to be a severe impairment." Doc. 12 at 3. The court first notes that Johnson failed to list degenerative disc disease of the thoracic spine as a condition that limits her ability to work. (R. 153). Regardless, the ALJ's finding that this

impairment is not "severe" is supported by substantial evidence.

An impairment must be more than "a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitation." 20 C.F.R. § 416.924(c). However, the only evidence Johnson cites to support her assertion that her degenerative disc disease of the thoracic spine is more than a "slight abnormality" is a diagnostic image from October 4, 2010, that shows "moderate degenerative changes." (R. 207). All other medical records reference lower back and neck pain, but never mention Johnson's thoracic spine. For example, one report on October 21, 2010, only addresses Johnson's lumbar and cervical spine. (R. 230). Other reports from March 9, 2011, only mention "low back pain." (R. 333, 351). In light of this evidence, the ALJ did not err in failing to list degenerative disc disease of the thoracic spine as a severe impairment. *See Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) (affirming an ALJ's finding that an impairment was not severe where substantial medical evidence showed that the claimant "manifested few symptoms of the disease").

Alternatively, even if the ALJ erred in failing to include degenerative disc disease of the thoracic spine as a severe impairment, "the error was harmless because the ALJ concluded that [Johnson] had a severe impairment: and that finding is all that step two requires." *Heatly v. Commissioner of Social Sec.*, 382

Fed. App'x. 823, 824–25 (11th Cir. June 11, 2010) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

Lastly, the ALJ did not fail to consider the effects of Johnson's degenerative disc disease of the thoracic spine in the RFC findings. In fact, the ALJ explicitly noted that "[t]he severity of back pain alleged is not consistent with the diagnostic imaging conducted on October 4, 2010 and October 8, 2010, which revealed some moderate degenerative changes in the spine, but no acute or significant process." (R. 27). Even considering the degenerative disc disease of the thoracic spine, the record fails to establish that Johnson is disabled. Accordingly, the ALJ's determination is supported by substantial evidence.

  B. <u>The ALJ gave proper weight to Dr. Allen's opinion.</u>

Johnson next contends that the ALJ failed to provide good cause for his rejection of Dr. Jeremy Allen's opinion. Doc. 12 at 7–14. "[T]he testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)). "'Good cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical

records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440). "When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Id.* (citing *Lewis*, 125 F.3d at 1440).

Johnson visited Dr. Allen three times. The first visit occurred on February 4, 2011. (R. 181). Thereafter, Dr. Allen prepared a report on March 9, 2011, assessing Johnson's RFC. (R. 332–33). In the report, Dr. Allen opined that Johnson could sit for four hours and stand or walk for one hour during an eight-hour work day. (R. 333). Dr. Allen also stated that Johnson could never climb, could rarely push or pull, stoop, reach, or work around hazardous machinery, and would be absent for two days per month as a result of her impairments. *Id.* Johnson's second and third visits to Dr. Allen occurred on May 27, 2011, and September 28, 2011. (R. 342–43, 369–70).

The ALJ clearly articulated his reasons for giving Dr. Allen's RFC assessment little weight:

> Dr. Allen's March 9, 2011 assessment of [Johnson's] pain, however, is contradicted by her [sic] May 27, 2011 treatment notes from a routine examination which indicated [Johnson] was in no pain at the time of her evaluation. Dr. Allen's opinions as to [Johnson's] limitations and severity of [Johnson's] pain is afforded little weight as it is inconsistent with his treating records and the medical evidence of record as a whole, which shows no objective evidence of an impairment capable of giving rise to disabling pain.

(R. 28). Substantial evidence supports the ALJ's reasoning. Dr. Allen's March 9, 2011 assessment lists conclusory diagnoses in support of its findings. *See* (R. 333) (listing multiple trauma, trochanteric bursitis, carpal tunnel, degenerative joint disease, low back pain, and chronic hepatitis C). Further, Dr. Allen's records from Johnson's May 27, 2011 visit indicate that Johnson's musculoskelatal examination was marked as "normal," and Johnson's "Pain" was marked as zero. Johnson argues that this visit also includes diagnoses of low back pain, bursitis, osteoarthritis, lumbar radiculopathy, and degenerative joint disease. Doc. 12 at 8. However, it appears as though this list of ailments merely refers to the diagnoses Dr. Allen made during Johnson's February 4, 2011 visit, but Johnson does not provide records from that visit. (R. 342). In other words, Dr. Allen's records do not provide the information to support the limitations in the March 9, 2011 report. Thus, based on Dr. Allen's records, the substantial evidence supports the ALJ's determination to assign little weight to Dr. Allen's opinion.

Johnson also argues that "the ALJ's statement that the record 'shows no objective evidence of an impairment capable of giving rise to disabling pain' is simply incorrect." Doc. 12 at 8 (quoting (R. 28)). However, as the ALJ notes, "[t]he severity of back pain alleged is not consistent with diagnostic imaging conducted on October 4, 2010 and October 8, 2010, which revealed some

moderate degenerative changes in the spine, but no acute or significant process." (R. 27, 207–08, 256–59). Thus, Dr. Allen's opinion is inconsistent with the record as a whole. Accordingly, substantial evidence supports the ALJ's determination.

Alternatively, even if the ALJ failed to articulate his reasons for discrediting the opinion of Dr. Allen, no basis exists to reverse the ALJ because Dr. Allen formulated his opinion after only one visit by Johnson. The case law is clear that the opinion of a one-time examiner is not entitled to the same degree of deference as a treating physician. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). This is particularly true when the examiner's opinion is contradicted by other medical evidence, as Dr. Allen's opinion is here. *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, at *2 (11th Cir. Mar. 9, 2007). Accordingly, the ALJ committed no error in assigning little weight to Dr. Allen's opinion, even if he did not properly articulate his reasons for doing so.

## VI.  Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Johnson is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

**Done** the 26th day of February, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE